UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES LAM, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-CV-139-DDN |
| ) | |
| MATTHEW BECKER, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the application of plaintiff James Lam, III to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will waive the initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

### Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights. On April 16, 2018, prior to this case being filed, a related underlying criminal case was filed against plaintiff in Missouri state court. *See State v. Lam*, Case No.18AB-CR00927 (20th Judicial Circuit, Franklin Cty.). Plaintiff was charged with the class D felony of concealing marijuana on the premises of the Franklin County Jail. In the probable cause statement, Sergeant Suttles states that on April 16, 2018 while conducting a pat down search of

plaintiff, Suttles searched plaintiff's shoes. Sergeant Suttles "immediately found a plastic bag inside one of the shoes," which he identified as containing marijuana.

Plaintiff's criminal case remains pending in Franklin County, Missouri and a preliminary hearing has been set for December 5, 2019. *See id.*

## The Complaint

Plaintiff brings this case alleging defendants Matthew Becker (Franklin County Prosecuting Attorney), Stephan M. Lawhorn (Franklin County Assistant Prosecuting Attorney), the Franklin County Prosecutors Office, and the Franklin County Public Defenders Office violated his civil rights under 42 U.S.C. § 1983. Plaintiff asserts claims for false arrest, false imprisonment, and malicious prosecution as a result of the allegedly illegal pat-down search conducted on him while incarcerated at the Franklin County Jail on April 16, 2018. Plaintiff asserts he was illegally searched by Suttles, and defendants are "violating [his] rights to due process, reasonable expectation to be free from illegal search and seizure, persecution, cruel and unusual punishment." Plaintiff also claims he "applied for and was denied representation thereby denying [his] rights to adequate legal counsel."

Because of the alleged unlawful arrest and false imprisonment, plaintiff states he suffered nearly $500,000 in damages. He seeks these compensatory damages in addition to punitive damages against defendants. He also seeks an injunction "that Franklin County Prosecutors cease and desist in all prosecutions against James Lam, III."

## Discussion

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment,

where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for illegal search and seizure, unlawful arrest, and unlawful incarceration. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending in Franklin County against plaintiff has been resolved through criminal appeals and post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Finally, to the extent plaintiff alleges he sought and was denied representation by a public defender, this allegation is belied by the record in his state criminal proceeding. *See State v. Lam*, No. 18AB-CR00927. Plaintiff is represented in his pending criminal matter by Matthew William Huckeby of the Missouri State Public Defender System.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff's initial partial filing fee is waived. The Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $350 filing fee is paid in full.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the proceedings against plaintiff relating to his criminal case *State v. Lam III*, No.18AB-CR00927 (20th Judicial Circuit, Franklin Cty.).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Lam III*, No. 18AB-CR00927 (20th Judicial Circuit, Franklin Cty.).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate proceedings and post-conviction proceedings related to the criminal charges pending against plaintiff in *State v. Lam III*, No.18AB-CR00927 (20th Judicial Circuit, Franklin Cty.). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel and motion for preliminary injunction are **DENIED as moot**.   [ECF Nos. 2 and 5]

Dated this  19th  day of August, 2019.

                                       _____
                                       STEPHEN N. LIMBAUGH, JR.
                                       UNITED STATES DISTRICT JUDGE